FILED

**NOT FOR PUBLICATION**

JAN 20 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GABRIEL PLATEROS ARRIAGA; et al., | No. 08-72097 |
| Petitioners, | Agency Nos. A075-752-610 |
| | A075-752-611 |
| v. | A078-112-236 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]
San Francisco, California

Before: BEEZER, TALLMAN and CALLAHAN, Circuit Judges.

Gabriel Plateros Arriaga, his wife Imelda Flores De Plateros, and their son

Gabriel Plateros Flores, natives and citizens of Mexico, petition pro se for review

of the decision of the Board of Immigration Appeals denying their second motion

to reopen, challenging the denial of their underlying cancellation of removal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application and seeking to apply for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Petitioners contend that their United States citizen children will experience hardship if they return to Mexico and therefore they are entitled to cancellation relief. The BIA did not abuse its discretion in denying petitioners' second motion to reopen as time- and number-barred, and petitioners may not reopen their cancellation of removal claim. *See* 8 U.S.C. §§ 1229a(c)(7)(A) & (C)(1); 8 C.F.R. § 1003.2(b)(2) & (c)(2).

Petitioners also contend that country conditions have changed in Mexico thereby excusing the time and numerical bars to reopening their asylum, withholding, and CAT claims. Petitioners contend that they will be persecuted because they will be perceived as wealthy and potential kidnapping victims because they are Mexicans returning from the United States, thereby entitling them to asylum, withholding, and CAT relief. Petitioners failed to establish changed country conditions in Mexico that are material to petitioners and their circumstances. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008). In addition, petitioners failed to establish that they qualify as a cognizable social group, and therefore did not demonstrate prima facie eligibility for the asylum, and withholding relief requested. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (rejecting as a particular social

group "returning Mexicans from the United States"). Petitioners also failed to establish that it was more likely than not that they would be tortured if returned to Mexico, and thereby they failed to establish prima facie eligibility for CAT protection. *See id.* at 1152.

**PETITION FOR REVIEW DENIED.**